IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH BONCY, | : | |
|     Petitioner | : | |
| | : | |
| v. | : | No. 06-2145 |
| | : | |
| JOHN ASHCROFT, et al., | : | |
|     Respondents | : | |

**MEMORANDUM**

**GREEN, S.J.**                                                                                      **October 10, 2006**

      Presently pending is a petition for writ of habeas corpus, the Report and Recommendation (the "Report") of United States Magistrate Judge L. Felipe Restrepo, and Petitioner's Objections thereto. Petitioner objects to the Magistrate's conclusion that he failed to produce evidence demonstrating that there is a good reason to believe that removal to Haiti is unlikely in the reasonably foreseeable future. Petitioner's Objection will be overruled and the Report will be approved and adopted.

**FACTUAL AND PROCEDURAL BACKGROUND**

      There is no dispute concerning the factual background of this matter. Therefore the Court will incorporate by reference the Background portion of the Report and will only restate the facts necessary for this Court's determination. Petitioner, a native and citizen of Haiti, was convicted of violations of the New York State Penal Code for Scheming to Defraud in the First Degree and Identity Theft in the Second Degree on December 5, 2003. He was taken into custody by the Bureau of Immigration and Customs Enforcement (hereinafter "ICE") on June 10, 2005. On October 5, 2005, while in custody at York County Prison, an Immigration Judge issued an Order of Removal, which was affirmed by the Board of Immigration Appeals. In his Writ of Habeas Corpus, Petitioner initially appeared to challenge both the Order of Removal and his

continued detention pending removal, both of which the Magistrate Judge recommends denying. In his objections to the Magistrate's recommendation, Petitioner no longer objects to the Order of Removal, and instead objects only to his continued detention.  See Obj. at. 3.

**DISCUSSION**

The post-removal period detention statute permits aliens convicted of certain crimes to be detained pending removal.  8 U.S.C. § 1231(a)(6).  The Supreme Court has limited the length of time of that an alien ordered deported may be held to the length of time reasonably necessary to bring about that alien's removal from the United States.  Zadvydas v. Davis, 533 U.S. 678, 689 (2001).   The Court also created a rebuttable presumption that six months was a reasonable length of time.  Id. at 701.  After this 6-month period, if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id.  The Court went on to caution that the six month presumption, "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.

The Board of Immigration Appeals affirmed the Order of Removal of the Immigration Judge on February 1, 2006.  The six month period, therefore, expired on August 1, 2006.  In support of his claim that there is no significant likelihood of removal in the reasonably foreseeable future Petitioner argues: 1) that he has not yet been deported; 2) that the Government allegedly conceded that there is no significant likelihood of removal in the reasonably foreseeable future, and; 3) that the Haitian Embassy in Washington, D.C. has informed Petitioner that the Embassy does not have any document in his name in its archives.  See Obj. at 4-7.  Petitioner

also appears to argue that the political situation in Haiti has rendered it impossible for the United States to deport aliens to that nation. See Obj. at 3. Although it is unclear whether Petitioner intends for this argument to be considered as an objection, the Court will nevertheless treat it as such, and address it. The fact that Petitioner has not yet been removed past the expiry of the six month period does not establish that there is no significant likelihood that he will be removed in the reasonably foreseeable future. The six month presumption is merely a presumption, and Petitioner is required to produce some other evidence that his removal is unlikely to occur in the reasonably foreseeable future[1]. The Court is unable to find any support for Petitioner's claim that the Government has conceded that there is no likelihood of removal in the reasonably foreseeable future. To the contrary, in the brief filed by the United States Attorney's Office before the Magistrate Judge, the Government claimed that Petitioner's removal was pending only the receipt of his travel documents. It does not appear that the letter from the Haitian Embassy, dated March 23, 2006, indicates that the Haitian government is unwilling to issue travel documents for Petitioner, rather that said government had not, as of March, received a request for such documents. The absence of such a request in March does not establish that at the present time there is a substantial likelihood that Petitioner will not be removed in the reasonably foreseeable future. Finally, with regard to Petitioner's claim that the political situation in Haiti has rendered removal impossible, the Court notes that, per the decision of the District Court for the Middle District of Pennsylvania in Wikson v. Bureau of ICE, 2006 WL 2376235, at * 2 (M.D. Pa. Aug. 14, 2006), ICE has represented that it has, in fact, repatriated 255 Haitian Nationals in 2006.

---

[1] The Court notes, per the Supreme Court's holding in Zadvydas, as the period of post-removal confinement grows, what is considered to be the "reasonably foreseeable future" conversely shrinks.

Petitioner is free, as the Magistrate Judge noted, to re-file a petition for a Writ of Habeas Corpus if he is able to produce evidence that establishes that removal is unlikely.  For the aforementioned reasons Petitioner's Objections to the Report will be overruled and the Report will be approved and adopted.

And appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH BONCY, | : | |
|     Petitioner | : | |
| | : | |
| v. | : | No. 06-2145 |
| | : | |
| JOHN ASHCROFT, et al., | : | |
|     Respondents | : | |

### ORDER

**AND NOW**, this 10th day of October, 2006, after careful and independent consideration of the petition for a writ of habeas corpus and Petitioner's Objections thereto, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. Insofar as the petition for a writ of habeas corpus challenges the Order of Removal, the petition is **DISMISSED**; and

4. Insofar as the petition for a writ of habeas corpus challenges Petitioner's detention pending removal, the petition is DENIED without prejudice to Petitioner's right to re-file should he acquire evidence that there is good reason to believe that removal to Haiti is unlikely in the reasonably foreseeable future.

                                            BY THE COURT:

                                            s/Clifford Scott Green
                                            Clifford Scott Green, S.J.